UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.: 19-cv-06685 (MKV)
CHRISTOPHER SCHOLL,

                              Plaintiff,

               - against -                  **MEMORANDUM OF LAW**

COMPASS GROUP USA, INC., and
EUREST SERVICES, INC.,

                              Defendants.
------------------------------------------------------------------X

**FIRST ADVANTAGE SHOULD BE ORDERED TO PRODUCE THE REQUESTED INFORMATION REGARDING DR. ABRAHAM HAMMEL IN RESPONSE TO PLAINTIFF'S SUBPOENA**

      Federal Rule of Civil Procedure 45(a)(1) allows a party to serve a subpoena on a non-party for, inter alia, the production of documents and/or electronically-stored information. See Fed. R. Civ. P. 45(a)(1); *Mackey v. IDT Energy, Inc.*, 19 Misc. 29 (PAE), 2019 U.S. Dist. LEXIS 77101, at *6 (S.D.N.Y. May 7, 2017).  With respect to seeking documents or information sought via a subpoena, the party issuing the subpoena "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03 Civ. 1382 (RWS), 2003 U.S. Dist. LEXIS 23179, at *8 (S.D.N.Y. Dec. 23, 2003).

      The relevance standards set out in Federal Rule of Civil Procedure 26(b)(1) apply to discovery sought from non-parties. *See, e.g., Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (citing *Malibu Media, LLC v. Doe*, No. 15 Civ. 3147, 2016 U.S. Dist. LEXIS 134478, at *2 (S.D.N.Y. Sept. 29, 2016)). Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *Citizens Union of City of N.Y.*, 269 F. Supp. 3d at 139.

Plaintiff brought this action alleging that he was unlawfully denied employment due to a failed drug test (for marijuana) despite Defendants Compass Group USA, Inc. ("Compass Group") being knowingly aware that he was a medical marijuana recipient, in violation of New York State and City Law. By way of background, Plaintiff alleged, in relevant part:

> [O]n or about February 7, 2019, Plaintiff received a phone call from a "doctor" who was purportedly calling on behalf of Defendants. On this call, Plaintiff was told that his drug test had come back positive for marijuana. When Plaintiff explained that he was a certified medical marijuana patient under the Compassionate Care Act, the doctor's only response was "medical marijuana is not a prescribed medicine. If you can't get it at CVS, it's not a medicine."

(ECF #1, ¶ 24.)

Plaintiff has since learned that the identify of this "doctor" was indeed a doctor named Dr. Abraham Hammell who was/ is employed by a non-party company named First Advantage. (Declaration of Casimir Wolnowski, Esq.[1] ("Wolnowski Decl."), at ¶ 2.)

Notably, upon information and belief, prior to contacting Plaintiff to alert him of his positive marijuana test, Dr. Hammell contacted someone employed by Defendant Compass Group who, per the directive of Compass Group, informed him (Dr. Hammell) that Compass Group does not accept employment for people with medical marijuana prescriptions. (Wolnowski Decl., at ¶ 3.)

---

[1] This Declaration is annexed hereto as Exhibit 2.

Plaintiff's counsel has subpoenaed the contact information for Dr. Hammell in order to discuss this matter, but Dr. Hammell's employer—to wit, a company named First Advantage—is refusing to supply it. (Wolnowski Decl., at ¶ 4.) Specifically, on June 5, 2020, First Advantage accepted service of a subpoena issued by the office of Plaintiff's counsel. This subpoena sought:

> Entire file for Christopher Scholl (DOB: 12/31/1987), including but not limited to: (1) the results of his drug test taken on or about on or about 2/4/2019 (bearing Specimen ID No. QD08040151); and (2) the mailing address(es), telephone number(s) (incl. any cell number) and email address(es) for Dr. Abraham Hammel.

(Exh. 1; Wolnowski Decl., at ¶ 5.)

To date, First Advantage has supplied the entire file for Plaintiff as requested per the subpoena, however, it is refusing to supply the contact information for Dr. Hammell. As for First Advantage's reasoning, it has simply stated (via e-mail), "Unfortunately, our legal team does not give us approval to release Dr. Hammell[']s information." (Wolnowski Decl., at ¶ 6.) A copy of that e-mail correspondence is attached hereto at Exhibit 3.

Here, First Advantage is mandated to comply with so much of the subpoena that requests disclosure of Dr. Hammell's contact information. So much of the subpoena at issue requests information that is unquestionably relevant to a central question in this action—whether Compass Group denied Plaintiff employment due to his status as a medical marijuana patient. Further, First Advantage has tacitly admitted that it is in possession of this information. Nevertheless, First Advantage has refused (and is continuing to refuse) to produce this information seemingly on the basis that their internal policy disallows it. This reasoning fails. Lastly, while First Advantage has had the opportunity to raise objections to the subpoena pursuant to Rule 45(d)(2), First Advantage has failed to do so, thereby waiving any objections it may have had. See Fed. R. Civ. P. 45(d)(2)(B).

For the reasons set forth above, this Court should grant Plaintiff's Motion directing First Advantage to produce the requested contact information of Dr. Abraham Hammell, as well as for such other and further relief as this Court deems just and proper.

                                                  **NISAR LAW GROUP, P.C.**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
570 Lexington Ave., 16th Floor
New York, New York 10022
Ph: (646) 449-7210
Fax: (877) 720-0514
Email: cwolnowski@nisarlaw.com

4